UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-01902-SRW |
| ) | |
| CORIZON, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Joseph Michael Devon Engel for leave to commence this civil action without prepayment of the required filing fee.[1] Based on the financial information provided by plaintiff, the motion will be granted, and the Court will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

---

[1] Plaintiff has not submitted a separate motion for leave to proceed in forma pauperis, nor has he paid the filing fee. However, in the body of his complaint, plaintiff states: "[Application] to proceed in District Court without prepaying fees or costs[.] I [am] at ERDCC [and] I only get 5.00 dollars a month[.]" (Docket No. 1 at 3). The Court has construed this as a motion for leave to commence this civil action without prepayment of the required filing fee.

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information provided by plaintiff, the Court will require him to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the Court with a copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri. At the time relevant to this complaint, however, he was an inmate at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri.[2] Since September 9, 2020, he has filed over 130 cases in the United States District Court for the Eastern District of Missouri.

---

[2] In his handwritten complaint, plaintiff appears to indicate that he is a "civilly committed detainee." (Docket No. 1 at 1). However, plaintiff has also provided his prison registration number, and has acknowledged that he is being held at the ERDCC, a state correctional facility. Moreover, review of the Missouri Department of Correction's online records show that plaintiff is a convicted state prisoner serving a ten-year sentence for, among other things, second-degree burglary. Therefore, the Court has determined that plaintiff is actually a convicted and sentenced state prisoner, and not a civilly committed detainee, for purposes of 28 U.S.C. § 1915 review.

3

Plaintiff brings the instant action pursuant to 42 U.S.C. § 1983, naming forty[3] separate defendants, identified only by job title or institution: (1) CO1; (2) CO2; (3) Sergeant; (4) Lieutenant; (5) Captain; (6) Corporal; (7) Functional Unit Manager; (8) Caseworker #1; (9) Caseworker #2; (10) Assistant Superintendent; (11) Assistant Warden; (12) Warden; (13) ERDCC; (14) Corrections Classification Assistant; (15) Institutional Parole Officer, ERDCC; (16) Institutional Parole Officer Supervisor, ERDCC; (17) Assistant Director, Probation and Parole; (18) Director, Probation and Parole; (19) Missouri Department of Corrections; (20) Missouri Department of Corrections Assistant Directors; (21) Director; (22) Assistant Attorney General; (23) Governor; (24) Senator #1; (25) Senator #2; (26) House Rep, Missouri; (27) Corizon Health Care; (28) Corizon Director; (29) Corizon Assistant Director; (30) Corizon Assistant Superintendent; (31) Corizon, ERDCC; (32) Corizon Supervisor; (33) Corizon Registered Nurse; (34) Corizon Licensed Nurse Practitioner; (35) Corizon Certified Nursing Assistant; (36) Corizon Med Tec; (37) Corizon Chronic Care; (38) Corizon Nurse Practitioner; (39) Corizon Doctor; and (40) Probation and Parole. (Docket No. 1 at 2). Aside from Corizon and the ERDCC, plaintiff does not indicate the capacity in which defendants are sued.

As to the "Statement of Claim," plaintiff asserts that "this is in regards to [him] being mistreated [and] refused medical treatment" at 12:00 p.m. on November 8, 2020. He alleges that while in 7 House at the ERDCC, he "told them [he needed] to self declare" because his "insides [felt] like [they were] on fire," he could not hold anything down, and because he was vomiting and defecating blood. Plaintiff further states that he was having hot and cold flashes, sweats, uncontrollable shakes, and an inability to sleep. He claims that "Corizon and MODOC still does nothing whatsoever." (Docket No. 1 at 1).

---

[3] In the caption of his handwritten complaint, plaintiff indicates that there are forty-eight defendants. However, only forty defendants are identified, though some of the named defendants might embody multiple individuals.

4

Due to this alleged lack of treatment, plaintiff asserts that he is in pain, and that his insides are permanently injured. He is seeking astronomical sums of money that runs into the hundreds of trillions of dollars. (Docket No. 1 at 2). He also requests hundreds of millions of shares of stock in various states, countries, corporations, and currencies.

## Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983, accusing forty separate defendants of being deliberately indifferent to his medical needs. Because plaintiff is proceeding in forma pauperis, the Court reviewed his complaint pursuant to 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### A. ERDCC and the Missouri Department of Corrections

The Missouri Department of Corrections is a department of the State of Missouri, while the ERDCC is a state correctional facility. Thus, the claims against these defendants are treated the same as claims against the State of Missouri itself. The claims fail for two reasons. First, the State of Missouri is not a "person" for purposes of 42 U.S.C. § 1983. Second, the State of Missouri is protected by the doctrine of sovereign immunity.

#### i.   State is Not a 42 U.S.C. § 1983 "Person"

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (asserting that a "State

5

is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983").

Here, as noted above, plaintiff has sued both the Missouri Department of Corrections and the ERDCC. These claims are treated as being made against the State of Missouri. However, a state is not a "person" for purposes of a 42 U.S.C. § 1983 claim for money damages, which is what plaintiff is seeking. Because plaintiff is missing an essential element of a § 1983 action, the claims against the Missouri Department of Corrections and the ERDCC must be dismissed.

### ii. Sovereign Immunity

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a state waives its immunity to suit in federal court. *Id.* at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable, because the Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable, because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect, and providing exceptions).

In this case, plaintiff has named the Missouri Department of Corrections and the ERDCC as defendants. As noted above, however, the Eleventh Amendment bars suit against a state or its agencies for both monetary and injunctive relief. Furthermore, no exceptions to sovereign immunity are present in this case. Therefore, for this reason as well, plaintiff's claims against the Missouri Department of Corrections and the ERDCC must be dismissed.

### B. Missouri Board of Probation and Parole

Plaintiff appears to be suing the Missouri Board of Probation and Parole, which he refers to as "P&P." He has not, however, presented any factual allegations against the Board. Furthermore, even if he had, the members of the Board "are absolutely immune from suit when considering and deciding parole questions." *See Figg v. Russell*, 433 F.3d 593, 598 (8th Cir. 2006). Therefore, this claim must be dismissed.

### C. State of Missouri Employees

Plaintiff has named twenty-one State of Missouri employees as defendants. This number includes fifteen individuals who appear to work at the ERDCC; the Director and Assistant Director of Probation and Parole; the Director and Assistant Director of the Missouri Department of Corrections; and the Assistant Attorney General and Governor. Plaintiff does not indicate the capacity in which they are sued.

A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id. See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing

the defendant, we interpret the complaint as including only official-capacity claims"). Because plaintiff has not indicated the capacity in which these defendants are sued, they are treated as being sued in their official capacities only.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). As such, the official capacity claims against the State of Missouri employees are treated as claims against the State of Missouri itself, which employs them.

The official capacity claims against the State of Missouri employees fail for two reasons. First, as noted above, plaintiff cannot bring a claim for damages against the State of Missouri under 42 U.S.C. § 1983, because the state is not a § 1983 "person." *See Will*, 491 U.S. at 71 (asserting that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Furthermore, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). Since plaintiff is seeking damages, rather than prospective injunctive relief, sovereign

immunity bars his claims. For these reasons, plaintiff's official capacity claims against the State of Missouri employees must be dismissed.

Even if plaintiff had asserted individual capacity claims, however, they would be subject to dismissal. Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, plaintiff has made no effort to connect each of the individual defendants he has identified with any action violating his constitutional rights. To the contrary, there are no allegations against the defendants whatsoever. Rather, each defendant is merely listed in the complaint, alongside an enormous sum of damages. Simply naming a person as a defendant is not sufficient to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were identified as defendants in the complaint, but who had no factual allegations made against them); and *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in his complaint, and who were not alleged to have been personally involved in the

constitutional violations). Therefore, even if the State of Missouri employees had been sued in an individual capacity, those claims would be dismissed.

### D. United States Elected Officials

Plaintiff has listed an unnamed member of the House of Representatives, and two Senators as defendants. The Court has construed these claims as being made against United States elected officials. Plaintiff has not indicated the capacity in which they are sued. As such, the claims are treated as being made in an official capacity only. *See Baker*, 501 F.3d at 923.

A suit against a governmental officer in his official capacity is a suit against the entity for which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). A U.S. Senator or a Member of the House of Representatives is an agent of the United States. *See Burke v. Allard*, 2007 WL 2697598, at *3 (D. Colo. 2007) (explaining that "defendant, a member of the United States Senate, is an agent of the United States"). As such, plaintiff's official capacity claims against these defendants are actually claims against the United States itself.

"Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020). *See also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent"). Thus, in order to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000). Such a waiver must be "unequivocally expressed" and "cannot be implied." *See United States v. King*, 395 U.S. 1, 4 (1969). *See also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (stating that "in the context of federal sovereign immunity...it is well established that waivers are not implied").

11

Here, plaintiff has not demonstrated a waiver of the sovereign immunity of the United States. He brings this action pursuant to 42 U.S.C. § 1983. However, § 1983 does not waive the United States' sovereign immunity. *See Walker v. Harmon*, 2016 WL 5376185, at *3 (D. S.D. 2016) (citing *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999)). Aside from § 1983, plaintiff provides no other basis for such a waiver. He has not, for example, alleged a violation of the Federal Tort Claims Act. *See White v. United States*, 959 F.3d 328, 332 (8th Cir. 2020) (explaining that the "FTCA waives sovereign immunity and allows the government to be held liable for negligent or wrongful acts by federal employees committed while acting within the scope of their employment"). Therefore, plaintiff's official capacity claims against the unnamed Member of the House of Representatives, and the two Senators must be dismissed.

Even if these three defendants had been sued in an individual capacity, the claims would still be subject to dismissal. This is because plaintiff has presented no factual allegations connecting any of these three persons with a violation of his constitutional rights. *See Mayorga*, 442 F.3d at 1132 (stating that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Indeed, it is difficult to imagine what personal responsibility these United States elected officials could possibly have with regard to plaintiff's healthcare.

### E. Corizon Health Care and Corizon, ERDCC

Plaintiff has named both Corizon Health Care and Corizon, ERDCC as defendants. Corizon is a private company contracted to provide medical care to inmates at the ERDCC. Such a private company, acting under color of state law, cannot be held liable on a respondeat superior theory. *See Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against an

entity such as Corizon, plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *See Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983"); and *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983").

In this case, plaintiff describes a medical condition that caused him to vomit and defecate blood on November 8, 2020. He further states that he was "refused medical treatment" on that date, and that "Corizon does nothing whatsoever." As noted above, Corizon cannot be liable simply because it employed a person who violated plaintiff's constitutional rights. Rather, plaintiff must establish the existence of a policy, custom, or official action that caused him injury. However, other than the sweeping statement that "Corizon does nothing," plaintiff has not presented any facts supporting the proposition that Corizon denied him medical care or otherwise injured him due to any policy, custom, or action representing official policy. Instead, he relies entirely on a single vague, conclusory assertion, which the Court is not required to accept as true. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). Therefore, the claims against Corizon Health Care and Corizon, ERDCC must be dismissed.

### F. Corizon Employees

Plaintiff has listed eleven defendants who are employees of Corizon. Since plaintiff has not indicated the capacity in which they are sued, they are presumed to be sued in an official capacity only. *See Baker*, 501 F.3d at 923. As noted above, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. Thus, the official capacity claims against these defendants are actually claims against Corizon itself. However, as discussed above, plaintiff has not stated a claim against Corizon, because he has presented no facts establishing that he was injured due to a Corizon policy, custom, or official action. *See Stearns*, 957 F.3d at 906 (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983"). Therefore, these claims must be dismissed.

The Court notes that even if the Corizon employees were sued in an individual capacity, the result would be the same. None of the employees are actually alleged to have done anything, much less anything that violated plaintiff's constitutional rights. *See Mayorga*, 442 F.3d at 1132 (explaining that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). For example, plaintiff lists "Corizon RN" as a defendant. However, plaintiff does not provide a single fact demonstrating what this Corizon Nurse did or did not do with regard to plaintiff's medical care. Rather, the only information plaintiff provides, other than a job title, is a request for $250 billion in damages from this single person. The same deficiency is true for all the additional Corizon employees. This is insufficient to demonstrate the constitutional liability of these defendants. Therefore, even if the Corizon employees had been sued in an individual capacity, the claims would be dismissed.

## G. Medical Claim

As discussed above, plaintiff has not demonstrated the liability of any of the forty defendants he has listed in the complaint. Furthermore, plaintiff's allegations, such as they are, do not demonstrate deliberate indifference under the Eighth Amendment.

Pursuant to the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Thus, a showing of deliberate indifference requires more

than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Here, plaintiff arguably shows that he suffered from an objectively serious medical need on November 8, 2020. Specifically, he describes himself vomiting and defecating blood. Plaintiff has not, however, shown that prison officials actually knew of and disregarded that need. That is, plaintiff states that he self-declared, and concludes that he was "refused medical treatment," but fails to provide any supporting factual allegations. There is, for example, no indication as to what information he provided staff about his condition. More than that, he does not provide facts explaining what he means when he says he was "refused" treatment. In other words, it is unclear whether plaintiff is contending that he was denied treatment entirely, that treatment was delayed, or that he simply did not receive the treatment he thought he required. Instead of providing the necessary factual underpinnings for his claim, plaintiff spends the bulk of his complaint describing the relief he requests, including the amount of money damages from each defendant, and the particular shares of stock he desires. For these reasons, plaintiff has failed to state an Eighth Amendment deliberate indifference claim.

### H. Motion for Appointment of Counsel

Plaintiff has moved for the appointment of counsel. (Docket No. 1 at 3). The motion will be denied as moot as this case is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of March, 2021.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE